USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, and APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY FUND,
and THE CARPENTER CONTRACTOR
ALLIANCE OF METROPOLITAN NEW YORK,

                    Petitioners,

          -against-

ALTECO CORP.,

                    Respondent.

1:23-cv-09998 (MKV)

**ORDER GRANTING PETITION
TO CONFIRM AN
ARBITRATION AWARD**

---

MARY KAY VYSKOCIL, United States District Judge:

Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund (the "Funds"), and the Carpenter Contractor Alliance of Metropolitan New York (the "Union") (collectively, "Petitioners") seek confirmation of an arbitration award entered against Respondent Alteco Corp. ("Respondent"), pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  For the reasons discussed below, the petition is GRANTED.

## BACKGROUND

Petitioner Funds are "trustees of multi-employer labor-management trust funds organized and operated in accordance with ERISA" and "[t]rustees of a charitable organization."  *See* Petition to Confirm an Arbitration Award ¶¶ 4-5 [ECF No. 1] ("Pet.").  Petitioner Union is a

1

New York not-for-profit corporation.  Pet. ¶ 6.  Respondent is a business corporation incorporated under the laws of the State of New York.  Pet. ¶ 7.

Respondent belonged to the Building Contractors Association, Inc. (the "Association"). Pet. ¶ 8.  Respondent's membership in the Association bound him to a collective bargaining agreement ("CBA") between the Association and the Union.  Pet. ¶ 9.  The CBA required Respondent to contribute money to the Funds.  Pet. ¶ 10.  The CBA also required Respondent "to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit."  Pet. ¶ 11.  Finally, the CBA bound Respondent to the policies adopted by the Funds. Pet. ¶ 12.

One such policy was the "Revised Statement of Policy for Collection of Employer Contributions" (the "Collection Policy").  Pet. ¶ 13.  The Collection Policy provided for arbitration to resolve any disputes between Respondent and the Funds.  Pet. ¶¶ 14-15.  The Collection Policy also provided procedures for calculating an amount of money Respondent would owe the Funds in case Respondent refused to comply with an audit under the CBA.  Pet. ¶ 18.

The Funds attempted to audit Respondent for the period from March 27, 2021 through May 9, 2023.  *See* Default Decision and Award at 2 [ECF No. 1-10] ("Arb. Award"). Respondent refused to comply with the audit.  Arb. Award at 4-5.  On June 3, 2023 the arbitrator mailed a notice of arbitration to the parties via United States Postal Service priority mail.  [ECF No. 1-9].  On June 28, 2023 the arbitrator held a hearing to determine the dispute between Petitioners and Respondent.  Arb. Award at 2.  Respondent did not appear.  Arb. Award at 2. The arbitrator concluded that Respondent failed to comply with the audit and awarded Petitioners a total of $2,343,972.64.  Arb. Award at 6.

2

Petitioners ask this Court to confirm the arbitrator's Award of $2,343,972.64.  Pet. ¶ 40.

Petitioners also seek $1,891 in attorneys' fees and $80 in costs in connection with the matter

before this Court, and post-judgment interest at the statutory rate.  Pet. ¶ 40.  Petitioners served

Respondent on November 15, 2023.  [ECF No. 7].  Respondent has failed to appear in action or

respond to the Petition.

**LEGAL STANDARD**

"Under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, federal

courts have subject-matter jurisdiction over petitions to confirm labor arbitration awards."  *Trs.*

*of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, &*

*Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. AMCC Indus., Inc.,* No. 23-221,

2023 WL 8800733, at *1 (2d Cir. Dec. 20, 2023) (summary order); *see also Loc. 802, Associated*

*Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998).

Where, as here, a petition to confirm an arbitration award is unopposed, district courts treat the

petition as an unopposed motion for summary judgment.  *See D.H. Blair & Co. v. Gottdiener*,

462 F.3d 95, 109-110 (2d Cir. 2006).

Even where a motion for summary judgment is unopposed, "the district court is not

relieved of its duty to decide whether the movant is entitled to judgment as a matter of law."

*Charles Schwab & Co. v. Winston*, No. 24 Civ. 10033 (PAE), 2025 WL 1135737, at *2

(S.D.N.Y. Apr. 17, 2025) (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241,

242 (2d Cir. 2004).  "Normally, confirmation of an arbitration award is a summary proceeding

that merely makes what is already a final arbitration award a judgment of the court, and the court

must grant the award unless the award is vacated, modified, or corrected."  *D.H. Blair*, 462 F.3d

at 110 (citations and internal quotation marks omitted).  Further, when reviewing an arbitration

award, a court may not replace "the arbitrator's view of the facts and the meaning of the contract" with its own view. *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016). Rather, a court should "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id*. An arbitral award should be confirmed as long as an arbitrator provides a "barely colorable" justification for the award. *See Charles Schwab & Co.*, 2025 WL 1135737, at *2 (S.D.N.Y. Apr. 17, 2025) (quoting *Landy Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992)).

## DISCUSSION

### A. Confirmation of the Arbitration Award

The Court confirms the original arbitration award of $2,343,972.64. The text of the Collection Policy provides for arbitration in case of a dispute between the parties. *See* Ex. G § IV (12), § VI (1). The arbitrator acted within the scope of his authority when he found that Respondent violated the CBA by refusing to produce its books and records. *See* Arb. Award. The arbitrator further explained how he reached an award of $2,343,972.64, *see* Arb. Award at 4, 6, and provided more than a "barely colorable" justification for the award.[1] Therefore, the petition is GRANTED.

### B. Attorneys' Fees

The Court grants Petitioners' request for attorneys' fees and costs related to this action. "[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorneys'

---

[1] This conclusion is not undone by the fact that Respondent, who was provided notice, did not appear in the arbitration or in this action. See *Trs. of Metal Lathers Loc. 46 Pension Fund v. Regal USA Constr., Inc.*, No. 19-CV-3148 (JMF), 2019 WL 2270435, at *1 (S.D.N.Y. May 28, 2019) ("[T]he Court can confirm awards issued in arbitrations that Respondent choose [sic], after sufficient notice, not to appear in."); *see also Trustees of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428–30 (S.D.N.Y. 2008).

fees and costs may properly be awarded." *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 819-20 (2d Cir. 2022) (quoting *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).

Here, attorneys' fees are appropriate because Respondent has not paid the arbitration award and has "failed to appear or respond in any way to defend this confirmation action." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Angel Const. Grp., LLC*, No. 08 CIV. 9061 (RJS), 2009 WL 256009, at *3 (S.D.N.Y. Feb. 3, 2009). "[T]hus it is axiomatic that [Respondent] has offered no justification for its failure to abide by the [arbitrator's decision]." *Id.*; *see also Herrenknecht Corp. v. Best Rd. Boring*, No. 06 CIV. 5106 (JFK), 2007 WL 1149122, at *4 (S.D.N.Y. Apr. 16, 2007) (awarding attorneys' fees and costs where party failed to satisfy arbitration award and subsequently did not oppose the petition to confirm).

Petitioners' seek $1,891 in attorneys' fees for 6.1 hours of work at a rate of $310 per hour and $80 in costs relating to this action. Pet. ¶¶ 38-40. These are reasonable rates and reflect the rates negotiated between counsel and the Board of Trustees. Petitioners are sophisticated parties who frequently litigate petitions to confirm arbitration awards in this District and are able to negotiate fees with their lawyers. Additionally, other courts in this district have awarded similar attorneys' fees at similar rates and in similar ranges. *See, e.g.*, *Wine, Liquor, & Distillery Workers' Union, UFCW Loc. 1-D Pension Fund v. Sherry-Lehmann, Inc.*, No. 24-CV-04945 (LGS)(SN), 2025 WL 1167023, at *5 (S.D.N.Y. Feb. 27, 2025) (finding $300 per hour for a junior associate reasonable); *Trs. of the New York City Dist. Council of Carpenters Pension Fund v. AAA Windows & Doors Corp.*, No. 1:25-CV-2646-GHW, 2025 WL 1898539, at *7 (S.D.N.Y. July 8, 2025) (awarding $3,925.50 in attorneys' fees and finding $325 per hour for an associate reasonable); *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund,*

*Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. BP Interiors Corp.*, No. 23 CIV. 10692 (VM), 2024 WL 4150726, at *1 (S.D.N.Y. Aug. 5, 2024) (awarding $2,542.00 in attorneys' fees and $80.00 in costs); *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. JH Shades & Draperies, Inc.*, No. 25-CV-02629 (JAV), 2025 WL 2208290, at *3 (S.D.N.Y. Aug. 4, 2025) (awarding $1,648 in attorneys' fees and $119.50 in costs).

The Court therefore awards Petitioners a total of $1,971 in attorneys' fees and costs.

## C. Post Judgment Interest

The Court grants Petitioners' request for post-judgment interest.  Under Section 1961 if Title 28 of United States Code, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."  28 U.S.C. § 1961(a).  An award of post-judgment interest is mandatory, as of the date judgment is entered, on an award in civil cases.  *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996).  Accordingly, the Court awards post-judgment interest to accrue from the date that judgment is entered until payment is made by Respondent.

## CONCLUSION

The petition to confirm the arbitration award is GRANTED.  The Court awards judgment in Petitioners' favor in the amount of: (i) $2,343,972.64; (ii) an additional $1,971 in attorneys' fees and costs related to this action; and (iii) post-judgment interest at the statutory rate accruing from the date of judgment until Respondent has paid the full Award.

The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

**Date:  January 13, 2026**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

6